**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1569
_____

ANRIFAT ABOUBAKAR; OMAR KADAFI,
                                    Petitioners

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                    Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A088-168-240 & A088-168-241)
Immigration Judge:  Honorable Rosalind K. Malloy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 10, 2012

Before:  RENDELL, VANASKIE and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 19, 2012)
_____

OPINION
_____

PER CURIAM

Lead petitioner Anrifat Aboubakar and her husband, Omar Kadafi (hereinafter

collectively referred to as "Petitioners"), petition for review of the Board of Immigration

1

Appeals' ("BIA") final order of removal issued in their consolidated removal proceedings. For the reasons that follow, we will deny the petition.

I.

Petitioners are natives and citizens of the Union of the Comoros ("Comoros"), which is comprised of a group of islands located off the eastern coast of Africa. According to the U.S. State Department's 2009 International Religious Freedom Report for Comoros, 99 percent of that country's population is Sunni Muslim. (A.R. at 443.)

In 2006, Petitioners entered the United States as nonimmigrant visitors. They ultimately stayed beyond the time allowed under their respective visas, and applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In support of their application, they claimed that they feared returning to Comoros because they had converted from Islam to Christianity during their time there.

In March 2010, an immigration judge ("IJ") denied the application on the merits and ordered their removal to Comoros. Petitioners appealed that decision to the BIA, which dismissed the appeal in February 2012. In rejecting Petitioners' asylum claim, the BIA agreed with the IJ that Petitioners had not demonstrated a well-founded fear of future persecution. In support of this conclusion, the BIA stated as follows:

> Although one article in the record describes the detention of four Christian converts, there is insufficient evidence to conclude that these individuals were persecuted. On the contrary, the United States Department of State's *International Religious Freedom Reports* discuss societal discrimination, but not persecution, against non-Muslim citizens and converts to Christianity. The Comoran

2

government prohibits non-Muslim citizens from proselytizing, but [Petitioners] have not engaged in this activity or expressed a desire to do so.

Turning to the individualized evidence, [Petitioners] submitted a letter from a member of their Comoran Christian group, who claims that members of the group are currently incarcerated. They also provided letters from [Aboubakar's] mother and sister, in which the writers assert that the authorities have inquired about [Aboubakar's] whereabouts. The [IJ] reasonably afforded limited weight to these documents because they are unsworn, the writers were not subject to cross-examination, and the writers are interested witnesses. The [IJ] further observed that the claims in the letters are not supported by the *International Religious Freedom Reports*. Finally, [Petitioners] did not present corroborating evidence, such as a newspaper article, describing the detention of any members of their Comoran Christian group.

For these reasons, [Petitioners'] fear of persecution (as opposed to societal pressure and discrimination) is not objectively reasonable. Moreover, they have not shown a pattern or practice of persecution of converts from Islam to Christianity.

(Id. at 4 (citations omitted).)

Petitioners now seek review of the BIA's decision.[1]

## II.

We begin by outlining the scope of our review. As the Government correctly notes, Petitioners' brief does not challenge the denial of their claims for withholding of removal or CAT relief. Nor does their brief contest the agency's conclusion that they

---

[1] We have jurisdiction over the instant petition pursuant to 8 U.S.C. § 1252(a)(1).

3

failed to establish past persecution. Accordingly, none of those issues is before us. See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) (explaining that "[a]n issue is waived unless a party raises it in its opening brief ").

What *is* before us is the agency's determination that Petitioners failed to demonstrate a well-founded fear of future persecution. Because the agency's conclusions regarding evidence of a well-founded fear of future persecution are findings of fact, we review them for substantial evidence. Chavarria v. Gonzalez, 446 F.3d 508, 515 (3d Cir. 2006). Under this deferential standard of review, we must uphold those conclusions "unless the evidence not only supports a contrary conclusion, but compels it." Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001). Questions of law, meanwhile, "are reviewed *de novo*, subject to any applicable administrative law canons of deference." Castro v. Att'y Gen. of the U.S., 671 F.3d 356, 365 (3d Cir. 2012).

## III.

For an alien's fear of future persecution to be well-founded, it "must be both subjectively and objectively reasonable." Dong v. Att'y Gen. of the U.S., 638 F.3d 223, 228 (3d Cir. 2011). "To establish objective reasonableness, petitioners must show that a reasonable person in the alien's circumstances would fear persecution if returned to [the country in question]." Chen v. Att'y Gen. of the U.S., 676 F.3d 112, 115 (3d Cir. 2011) (internal quotation marks and citation omitted). "Persecution" includes "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to

4

life or freedom," but "does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993). Petitioners present three arguments in support of their challenge to the BIA's future persecution analysis. We consider them in turn.

Petitioners' first argument is that the BIA misinterpreted certain evidence, and that it failed to consider two internet articles and the U.S. State Department's 2007 Country Report for Comoros.[2] We find this claim unpersuasive. First, we find no error in the BIA's interpretation of the evidence that it specifically discussed in its decision. Second, we are not necessarily convinced that the BIA overlooked any evidence here. As we have previously stated, the BIA need not "discuss every piece of evidence mentioned by an asylum applicant." Huang v. Att'y Gen. of the U.S., 620 F.3d 372, 388 (3d Cir. 2010). What is more, Petitioners have not established that the two internet articles and the 2007 Country Report, when considered with the other record evidence, compel a result different from that reached by the BIA.[3]

---

[2] The Government contends that "Petitioners did not argue before the Board that the [IJ] failed to consider all of their evidence, and thus the claim is unexhausted." (Gov't's Br. 22.) Because it is plain from Petitioners' brief that they are claiming that the BIA, not the IJ, failed to consider evidence, the Government's exhaustion argument is meritless.

[3] Although Petitioners note that one of those articles — a 2006 piece authored by "BosNewsLife News Center" — uses the term "persecution" to describe the treatment of Christians in Comoros, (see A.R. at 267), it is not clear what the author means by "persecution." What is more, it is not for the author of an internet news article to decide whether an alien has met the legal definition of persecution.

5

Petitioners' second argument is that the BIA failed to apply the three-part test set forth in Abdulai v. Ashcroft, 239 F.3d 542 (3d Cir. 2001).[4] As we have previously explained, the BIA must apply that test "when it determines that the production of corroborating evidence is *necessary* for an otherwise credible asylum applicant to meet his/her burden of proof." Vente v. Gonzales, 415 F.3d 296, 300 (3d Cir. 2005) (emphasis added). It appears, however, that those circumstances were not present here. Although the BIA did note that Petitioners had not presented evidence corroborating one of the letters submitted in support of their application, we do not read that brief portion of the BIA's decision — a single sentence in a two-page decision — to mean that corroborating evidence was necessary for Petitioners to prevail. Accordingly, there is no need to remand this matter for application of the three-part Abdulai test.

Petitioners' final argument is that the BIA erred in concluding that their fear of persecution was not objectively reasonable. Having carefully considered the evidence submitted in support of their asylum application, we cannot conclude that this evidence compels a finding that Petitioners have an objectively reasonable fear of mistreatment that rises to the level of persecution. Accordingly, we will not disturb the BIA's decision.

IV.

In light of the above, we will deny the petition for review.

---

[4] We are not persuaded by the Government's contention that this claim is unexhausted.